OPINION
{¶ 1} Appellant Image Incorporated appeals a judgment of the Stark County Common Pleas Court confirming an arbitration award in favor of appellees Roger and Judy Westfall in the amount of $17,800:
 ASSIGNMENTS OF ERROR {¶ 2} "Assignment of Error No. 1. The trial court committed error in refusing to vacate the arbitration award under Ohio revised code Section 2711.10(a).
 {¶ 3} "Assignment of Error No. II. The trial court committed error refusing to vacate the arbitration award under Ohio revised code Section 2711.10(b).
 {¶ 4} "Assignment of Error No. III. The trial court committed error in refusing to vacate the arbitration award under Ohio revised code section 2711.10(c).
 {¶ 5} "Assignment of Error No. IV. The trial court committed error refusing to vacate the arbitration award under Ohio revised code section 2711.10(d).
 {¶ 6} "Assignment of Error No. V. The trial court committed error in refusing to vacate the arbitration award under Ohio revised code Section 2711.06.
 {¶ 7} "Assignment of Error No. VI. The trial court committed error refusing to allow appellant the right to present evidence to support appellant's motion to vacate before ruling against appellant's motion to vacate the arbitration award.
 {¶ 8} "Assignment of Error No. VII. The trial court committed error in confirming the arbitration award because the confirmed award expanded the award issued by a majority of the board."
 {¶ 9} Appellant entered into a contract to construct a new home for appellees. The contract provided for payment in five draws, and also contained a binding arbitration clause. Disagreements arose between the parties as to changes and extras which appellant claimed it was entitled to payment for and overpayments and credits which appellees claimed they were entitled to. Mechanics liens were filed by the subcontractors for labor and materials.
 {¶ 10} Appellant filed the instant action alleging breach of contract, unjust enrichment, and interference with business relationships, seeking injunctive and monetary relief. The court referred the issues to arbitration pursuant to the contract. An extensive arbitration was held, after which an oral decision was issued, stating that the panel found that appellees should pay appellant $13,600 directly, and appellees would receive no money from appellant, because they would have effectively received an award of $31,400 when they reduced their loan by $45,000.
 {¶ 11} Several days later, a written award was issued. The written award was not unanimous. The written award ordered appellant to pay appellees the sum of $17,800, in addition to a reduction in appellees' loan in the amount of $45,000.
 {¶ 12} Appellees filed a motion to confirm the written arbitrator's award. Appellant filed a motion to vacate the award, claiming misconduct as to one of the arbitrators. Following a hearing at which the court did not allow the presentation of evidence, the court confirmed the arbitrator's award.
 VI {¶ 13} We address the sixth assignment of error first, as it is dispositive of the remainder of the appeal.
 {¶ 14} In its sixth assignment of error, appellant argues that the court erred in refusing to allow appellant to present evidence to support the motion to vacate the award. We agree.
 {¶ 15} In its motion to vacate their award, appellant claimed bias and misconduct on the part of one of the arbitrators, which is grounds for vacating the award pursuant to R.C. 2711.10. At the hearing, the court gave counsel for appellant an opportunity to proffer for the record what evidence she intended to present. Tr. 21. Counsel represented that on the date the hearing was originally scheduled, appellant had available for testimony Mr. Klatt, who was the arbitrator selected by appellant. Counsel also had subpoenaed a bank representative, and a representative of appellant was available to testify. Counsel had another lawyer present in the event that counsel for appellant became a witness on an issue in controversy. She represented that all of the parties were prepared to testify on the issues contained in the brief supporting their motion to vacate. Tr. 22. Counsel represented that appellant had evidence by tape recording, in which one of the arbitrators admitted that after the initial oral ruling was given, he began to deliberate on his own and came up with facts and figures which materially changed the award as announced. Tr. 22-23. Counsel represented that appellant's arbitrator was prepared to testify that the arbitrator selected by appellees stated at the hearing that he did not want to tell his client that he had to pay any money. Tr. 23. Counsel represented that they would present evidence that appellees became extremely upset, and after this, the arbitrator they selected decided to do a spreadsheet on his own, which ultimately materially changed the order. Tr. 24.
 {¶ 16} Based on the representations of counsel as to what evidence appellant intended to present at the hearing, we find that the court erred in refusing to allow the parties to present evidence at the hearing. Appellant should have been afforded an opportunity to present witnesses, and appellees an opportunity to cross-examine such witnesses, concerning what occurred after the initial announcement of the decision and the issuance of the final written decision by the panel of arbitrators.
 {¶ 17} The sixth assignment of error is sustained.
 I, II, III, IV, V, VII {¶ 18} The remaining assignments of error are rendered moot by our decision on Assignment of Error VI. We cannot determine whether the court erred in overruling the motion to vacate on the merits, as the court did not have before it evidence concerning the allegations of bias and misconduct claimed by appellant. The first, second, third, fourth, fifth, and seventh assignments of error are overruled.
 {¶ 19} The judgment of the Stark County Common Pleas Court is reversed, and this cause is remanded to that court with instructions to hold an evidentiary hearing on appellant's motion to vacate the arbitration award.
Farmer, J. and Boggins, J., concur.